This is a suit for rent accompanied by a demand for a writ of provisional seizure. Plaintiff's claim is for the sum of $110.00, and, averring that she has a lessor's lien and privilege on all of the furniture, equipment and merchandise of the lessor as well as an automobile owned by him, to secure payment of the amount, she obtained an order of provisional seizure from the City Judge of the City Court of Baton *Page 80 
Rouge under which the City Constable seized a Chevrolet automobile belonging to the defendant. At the time of the seizure the automobile was parked in the street on Ontario Street in that city.
The defendant appeared in court and moved to set aside the provisional seizure on the ground that the car was never located in the house occupied by him as a tenant and was never located on the premises leased by him from his landlord but was the whole time located in the public street. In the alternative, and should the court find, as a matter of fact, that the automobile was located in the leased premises, defendant pleaded a homestead exemption on the automobile claiming that he was engaged in the business of selling hearing aids and that he was required to travel throughout East Baton Rouge and the surrounding parishes and therefore it was necessary for him to use the automobile which, in effect, is a tool of his trade or profession and is necessary for his use in carrying out that trade. In his motion he also reserved the right to sue for damages for the illegal seizure of his car.
The motion was duly tried and testimony taken. We find no note of evidence in the record but only a synopsis of the testimony of various witnesses taken down in writing by someone and on which the trial judge apparently rendered judgment since in his written reasons he says that "The testimony is uncontroverted that lessee's automobile has never been in the leased premises and was generally parked when not in use on the public street abutting the premises." On these facts he found that it was not subject to seizure because under Article 2705 of the Revised Civil Code it is only when movable effects of the lessee are found on the property leased that the privilege exists. He accordingly recalled the writ he had granted, dissolved the same and awarded the defendant $25.00 as attorneys fees for successfully prosecuting the motion to dissolve.
Thereafter the defendant filed an answer in which he claimed damages in reconvention against the plaintiff in the sum of $273.82, less the rent he owed her in the amount of $110.00. The damages claimed are for the balance of expenses he incurred in using automobiles of other parties while his was under seizure and for attorneys fees aggregating the sum of $225.00. What disposition was made of that part of the case, if any, does not appear in the record as the answer was filed on August 3, 1949, and the extract of minutes found in the transcript refers only to the action that was taken by the court on the motion to dissolve. The last minute entry is the one showing that an appeal was taken from the judgment rendered on a motion to dissolve. We therefore are not concerned with the claim for damages in reconvention.
The only question presented in the case in the lower court was whether or not this automobile was subject to seizure for the rent in the manner and at the place in which it was seized. We would judge from what is stated by the trial judge in his reasons for judgment, and also from brief of counsel for defendant filed in this court, that the plaintiff relied on the case of Moseley v. Doran, La. App., 163 So. 198, in order to support her seizure of the car. The cited case was one that was before this court and was decided on a state of facts which are different from the facts in the present case. It can be distinguished on the ground that the seized truck which was used by the lessee was part of his business as a dealer in second hand furniture, and was, in effect, on the premises at the time it was seized. A reading of the opinion as it relates to the facts will be sufficient to show the truck was not, like the car in this case, simply parked in front of a residence and in no way attached to the leased property itself.
Another case now cited by counsel for plaintiff is Cochran v. Ocean Dry-Dock Co., 30 La. Ann. 1365. However we find it still less applicable to the case at bar as there it appears that the dock which was seized was attached to the leased land fronting on the river by a permanent stage and for a permanent purpose. The court, in its opinion. stated that "without the yard, the dock would have been useless to the company" and that is why it held that the lessor's privilege extended to and embraced the dock. In the present case the property leased by the tenant was a house, used *Page 81 
by him for a home and it had no connection whatever with his automobile which he kept parked in the open street in front of the house.
It would be almost doing violence to the principle of law that privileges are stricti juris to maintain the seizure in this case.
For the reasons stated, the judgment appealed from is affirmed at the costs of the plaintiff, appellant.